UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

FILED
STRICT COURT
OF MARYLAND

2006 AUG -3  P 2: 5

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>10 S. Howard Street, 3rd Floor<br>Baltimore, Maryland 21201,<br><br>    Plaintiff,<br><br>v.<br><br>B & K RENTALS AND SALES COMPANY,<br><br>15055 Marlboro Pike<br>Upper Marlboro, Maryland 20772<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. RWT 06 CV 2019

## COMPLAINT AND JURY DEMAND

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy) and to provide appropriate relief to Casey Phair ("Ms. Phair"), who was adversely affected by such practices. The Commission alleges that on November 4, 2005, Defendant, B & K Rentals and Sales Company ("Defendant Employer"), unlawfully discharged Ms. Phair because of her pregnancy, in violation of Title VII of the Civil Rights Act of 1964.

### JURISDICTION AND VENUE

1   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331 1343 and 1345. This action is authorized and instituted pursuant to 706(f)(1) and (3) of Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The unlawful employment practices alleged herein were committed within the judicial district of this Court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer, B & K Rentals and Sales Company has continuously been a corporation organized under the laws of the State of Maryland doing business within the State of Maryland, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of the Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Casey Phair filed a charge with the Commission alleging violations of Title VII of the Civil Rights Act of 1964 by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least November 4, 2005, Defendant Employer has engaged in unlawful employment practices at its Upper Marlboro, Maryland facility, in violation of Section 703(a) of

Title VII. These practices include terminating the employment of Ms. Phair because of her pregnancy.

8. The effect of the practices complained of in Paragraph 7 has been to deprive Casey Phair of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

9. The unlawful employment practices complained of in Paragraph 7 were intentional.

10. The unlawful employment practices complained of in Paragraph 7 were, and are being, done with malice or with reckless indifference to the federally protected rights of Ms. Phair.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from terminating individuals based on pregnancy and any other employment practice which discriminates on the basis of sex (pregnancy) in violation of Title VII of the Civil Rights Act of 1964.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for its pregnant employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Ms. Phair by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, reinstatement to her position, or frontpay in lieu thereof, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.   Order Defendant Employer to make whole Ms. Phair by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 7, including but not limited to damages in the form of expenses for job searches and expenses incurred due to the loss of heath coverage, in amounts to be determined at trial.

E.   Order Defendant Employer to make whole Ms. Phair by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described in Paragraph 7, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, and devastation in amounts to be determined at trial.

F.   Order Defendant Employer to pay Ms. Phair punitive damages for its malicious and reckless conduct, as described in Paragraph 7, in amounts to be determined at trial

G   Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest.

H   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission hereby requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,
JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

JACQUELINE H. McNAIR
Regional Attorney

DEBRA M. LAWRENCE
Supervisory Trial Attorney    (Bar No. 04312)

4

_____
ERICA D. WHITE-DUNSTON
Trial Attorney			(Bar No. 28125)

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 962-3852 (phone)
(410) 962-4270 (fax)